# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

MARY BECKER, individually and  
as Temporary and/or Permanent  
Administrator of the Estate of  
JASON HEWITT ARMSDEN,  

        Plaintiff,

v.

FANNIN COUNTY, GEORGIA,  
et al.,

        Defendants.

CIVIL ACTION NO.  
2:09-CV-0047-RWS

## **ORDER**

This case comes before the Court on the United States' Notice of Substitution [63] and its Motion to Dismiss [65], Plaintiff's Motion to Lift Emergency Stay and Permit Discovery [71], Plaintiff's Motion for Leave to File Amended Complaint [72], Plaintiff's Motion for Leave to File Second Amended Complaint [108], and Plaintiff's Amended Motion for Leave to File Second Amended Complaint [110]. After reviewing the record, the Court enters the following Order.

As an initial matter, Plaintiff's Motion for Leave to File Amended Complaint [72] and Plaintiff's Motion for Leave to File Second Amended

Complaint [108] are superseded by Plaintiff's Amended Motion for Leave to File Second Amended Complaint [110]. Therefore, Plaintiff's Motion for Leave to File Amended Complaint [72] and Plaintiff's Motion for Leave to File Second Amended Complaint [108] are **DENIED AS MOOT**.

## Background

This case concerns the death of Jason Armsden in the Fannin County Jail on April 10, 2007. (Complaint, Dkt. No. [1] at ¶ 14). Plaintiff's Complaint alleges that Mr. Armsden was arrested and booked on April 6, 2007 and died on the morning of April 10 of untreated alcohol withdrawal while in the custody and care of the Fannin County Sheriff's Office and other individual Defendants. (Id. at ¶¶ 17-19, 21). Plaintiff asserts that at the time Mr. Armsden was arrested he was highly intoxicated. (Id. at ¶ 23). Despite his intoxicated state or his subsequent symptoms of alcohol withdrawal, Plaintiff alleges that Defendants collectively failed to provide him with appropriate medical care, ultimately resulting in his death. (Id. at ¶¶ 75, 79). Plaintiff's Complaint alleges violations of the Eighth and/or Fourteenth Amendments of the United States Constitution (Count I), wrongful death under state and federal law (Count III),

2

and negligent or intentional failure to provide medical care (Count V), and seeks punitive damages (Count II) and attorneys fees (Count IV).

Two of the Defendants are Georgia Mountain Health Services, Inc. ("GMHS") and Gail Mercer ("Mercer") who worked as a nurse for GMHS. (Id. at ¶¶ 5-6, 48). On July 28, 2009, the United States filed a Notice of Substitution [63], seeking to substitute the United States for Defendants GMHS and Mercer. Plaintiff filed an Objection to Notice of Substitution [69]. The United States has moved to dismiss the complaint as to Defendants GMHS and Mercer. Plaintiff has since sought to amend its complaint to specifically allege the basis for this Court's subject matter jurisdiction over the claims against GMHS and Mercer and to add additional individual defendants. The Court now addresses these issues.

## Discussion

### I. Notice of Substitution [63]

The United States seeks to substitute itself for Defendants GMHS and Mercer pursuant to the Federal Employees Liability Reform and Tort Compensation Action of 1988 ("Westfall Act"), 28 U.S.C. § 2679, and the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. §

233. Plaintiff argues that substitution should be denied as premature, because there is insufficient evidence to permit the Court to determine whether Defendants GMHS and Mercer are employees of a federal agency or contractors excluded from the Federal Tort Claims Act ("FTCA"). (Pl.'s Objection, Dkt. No. [69] at 1).

The FTCA, as amended by the Westfall Act, provides that the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment is a suit against the United States. 28 U.S.C. § 2679(b)(1). The Westfall Act further provides that:

> [u]pon certification of the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The Attorney General has delegated certification authority to the United States Attorney for the district where the civil action is brought. 28 C.F.R. § 15.3(a). The United States submitted a Scope of

4

Employment Certification ("Certification") [62] that certifies Defendant Mercer was an employee of Defendant GMHS at all times relevant to this action and that Defendant GMHS was deemed by the Department of Health and Human Services ("HHS") to be an employee of the Public Health Service ("PHS"), and therefore an employee of the United States for the purposes of FSHCAA, at all times relevant to this action. (Certification at 1, citing Ex. 1 and 42 U.S.C. § 233(g)-(n)).

The FTCA specifically excludes from the definition of federal agency "any contractor with the United States." 28 U.S.C. § 2671. Plaintiff argues that the record is not sufficient to determine whether Defendants GMHS or Mercer are independent contractors rather than employees of the United States, because such a determination "depends on whether the contractor's (employee or corporation) operations are supervised day to day by the Federal Government." (Pl.'s Objection, Dkt. No. [69] at 2, citing United States v. Orleans, 425 U.S. 807, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976) and Logue v. United States, 412 U.S. 521, 93 S. Ct. 2215, 37 L. Ed. 2d 121 (1973)). Further, the Supreme Court has held that federal courts may review the U.S. Attorney's scope-of-employment certification. Gutierrez de Martinez v. Lamagno, 515 U.S. 417,

5

420, 115 S. Ct. 2227, 132 L. Ed. 2d 375 (1995). Therefore, Plaintiff argues that a certification by the U.S. Attorney void of any evidence as to the day-to-day operations of Defendants GMHS and Mercer is insufficient to determine whether the FTCA covers Defendants GMHS and Mercer. (Pl.'s Objection, Dkt. No. [69] at 2-3).

While the amount of control the United States has over an entity is relevant in many circumstances in determining whether the FTCA is applicable, this is not one of those circumstances. Congress, through the FSHCAA, has excepted from the independent contractor exclusion claims against any entity receiving funds under 42 U.S.C. § 254b for which the Secretary of HHS has made a determination under 42 U.S.C. § 233(g) deeming the entity to be a PHS employee. 42 U.S.C. § 233(a), (g)(1)(A). In effect, Congress has created an exception to the independent contractor exclusion set forth in 28 U.S.C. § 2671. Therefore, the issue here is not whether the United States exerted sufficient control over a contractor, but whether the "contractor" is a funds recipient under 42 U.S.C. § 254b for which HHS has made a determination deeming it a PHS employee, or whether an individual whose conduct is in issue is an employee of such a deemed PHS employee entity.

6

The FSHCAA provides that:

> Once the Secretary makes a determination that an entity or an officer, governing board member, employee, or contractor of an entity is deemed to be an employee of the Public Health Service for purposes of this section, the determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding.

HHS has deemed GMHS an employee of PHS under 42 U.S.C. § 233(g). (Declaration of Meredith Torres, Senior Attorney in the General Law Division, Office of the General Counsel, HHS, Ex. 1 to Certification, Dkt. No. [62]). HHS has also stated that Defendant Mercer was an employee of GMHS at all times relevant to this action. Furthermore, Plaintiff contends that "[a]t the time of Jason Marsden's death, Defendant Gail Mercer . . . was an employee, acting within the scope of her employment with [GMHS]." (Complaint, Dkt. No. [1] at ¶ 19).

The finding that GMHS is an employee of PHS is binding upon the Court. Therefore, there is no need to explore the day-to-day operations of GMHS to determine whether it is an independent contractor. Furthermore, as an employee of GMHS acting within the scope of her employment, Mercer is also considered an employee of PHS. 42 U.S.C. § 233(g)(1)(A). Because

7

GMHS and Mercer are employees of PHS, Plaintiff's sole remedy is against the United States.

The United States Notice of Substitution [63] is **GRANTED**. The United States is substituted in this action for GMHS and Gail Mercer.

## II. Plaintiff's Motion to Lift Emergency Stay and Permit Discovery [71]

After filing its Notice of Substitution [63], the United States filed an Emergency Motion for Protective Order [67] seeking to protect the United States from Plaintiff's discovery requests served on GMHS and Mercer pending the Court's ruling on the United States' Motion to Dismiss [65]. The Court granted the United States' Emergency Motion, ordering that it is not required to respond to Plaintiff's discovery requests until 30 days after the Court rules on the pending Motion to Dismiss [65]. (Order of Aug. 6, 2009, Dkt. No. [68]).

On August 14, 2009, Plaintiff filed a Motion to Lift Emergency Stay [71] arguing that discovery is necessary to explore whether GMHS or Mercer are actually "federal employees" for purposes of the FTCA. (Memorandum in Support of Motion to Lift Emergency Stay, Dkt. No. [71-2] at 1). As discussed in Section I above, no discovery is necessary to determine whether GMHS and Mercer are federal employees, because the statutory framework of the FSHCAA

8

makes the HHS determination on this question binding. Therefore, Plaintiff's Motion to Lift Emergency Stay [71] is **DENIED**.

## III. Defendant United States' Motion to Dismiss [65]

The United States has moved to dismiss all claims against GMHS and Mercer on the ground that the Court lacks subject-matter jurisdiction over those claims.[1] (Memorandum in Support of Motion to Dismiss, Dkt. No. [65-2] at 1). The United States contends that Plaintiff's claims against GMHS and Mercer can only be brought under the FTCA, and only after exhaustion of administrative remedies as required by the FTCA. (Id.). The United States argues that since Plaintiff has not submitted an administrative tort claim, she has failed to exhaust administrative remedies and her claim is barred at this time. (Id.). The United States also maintains that the Court lacks subject-matter jurisdiction over Plaintiff's constitutional claims as well. (Id. at 1-2).

Plaintiff does not challenge that she has failed to exhaust her administrative remedies. Rather, Plaintiff asserts that the Motion to Dismiss [65] must be stayed as to the FTCA arguments until further discovery and that

---

[1] While Plaintiff contends that the United States' Motion to Dismiss for lack of subject-matter jurisdiction is untimely, the Court may determine it lacks subject-matter jurisdiction "at any time." See FED. R. CIV. P. 12(ह)(3).

9

the Motion must be denied entirely regarding Plaintiff's claims for constitutional violations. (Pl.'s Response to Motion to Dismiss, ("Pl.'s Response") Dkt. No. [70] at 2). For the reasons discussed in Section I and II above, further discovery is not necessary to determine that Plaintiff's exclusive remedy for tort claims against GMHS or Mercer must be brought against the United States under the FTCA. For the reasons discussed below, the FTCA also serves as the exclusive avenue through which Plaintiff may seek relief for her constitutional claims. Since Plaintiff has not satisfied the requirements of the FTCA at this time, her claims against the United States must be **DISMISSED**.

Under the doctrine of sovereign immunity, the United States is immune from suit except to the extent that immunity has been expressly waived by statute. Lehman v.Nakshian, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981). The United States can be sued only by its permission, and only by procedures set forth by Congress. United States v. Dalm, 494 U.S. 596, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990); Lehman, 453 U.S. at 160; United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976). Thus, absent an express statutory waiver, a court lacks subject matter jurisdiction to entertain

10

an action against the United States, and the action must be dismissed. United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941).

Any lawsuit against the United States must be brought in compliance with a specific statute that expressly waives sovereign immunity. Testan, 424 U.S. at 399. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. Soriano v. United States, 352 U.S. 270, 77 S. Ct. 269, 1 L. Ed. 2d 306 (1957). The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. Sherwood, 312 U.S. 584, 586 (1941).

Congress has limited the remedies available to plaintiffs claiming injury resulting from actions of PHS employees through the FSHCAA, which provides:

> The remedy against the United States . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, **by any** commissioned officer or **employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter** against the

11

> officer or employee (or his estate) whose act or
> omission gave rise to the claim.

42 U.S.C. § 233(a) (emphasis added). The statute further provides that following substitution of the United States all claims shall be "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." 42 U.S.C. § 233(c). The statute thus makes tort claims under the FTCA the exclusive remedy for persons claiming injury from actions of PHS employees.

Plaintiff contends that:

> the FTCA does not preclude the assertion of
> constitutional claims relating to medical care against
> federal employees. In fact, the very authority cited by
> the United States, Carlson v. Green, 446 U.S. 14
> (1980) holds that federal common law actually
> authorizes constitutional claims relating to
> deliberately indifferent medical care to be brought
> directly against federal employees and in addition to,
> outside of, the FTCA and its administrative structure.

(Pl.'s Response, Dkt. No. [70] at 9). The Court in Carlson noted, however:

> Bivens[2] established that the victims of a constitutional
> violation by a federal agent have a right to recover
> damages against the official in federal court despite

---

[2] Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

12

> the absence of any statute conferring such a right.
> Such a cause of action may be defeated in a particular
> case, however, in two situations. The first is when
> defendants demonstrate "special factors counselling
> hesitation in the absence of affirmative action by
> Congress." The second is when defendants show that
> Congress has provided an alternative remedy which it
> explicitly declared to be a substitute for recovery
> directly under the Constitution and viewed as equally
> effective.

Carlson, 446 U.S. 14, 18-19, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980) (citation omitted). In regards to the second situation where Congress has provided an alternative remedy, the Court in Carlson noted that "Petitioners point to nothing in the [FTCA] or its legislative history to show that Congress meant to pre-empt a Bivens remedy or to create an equally effective remedy for constitutional violations," when federal officers violate a persons Eighth Amendment rights. Carlson, 445 U.S. at 19. The Supreme Court recognized that "Congress follows the practice of explicitly stating when it means to make FTCA an exclusive remedy," citing among others, 42 U.S.C. § 233(a), the exact provision at issue here. Id. at 20; see also Cuoco v. Moritsugu, 222 F.3d 99, 208 (2d Cir. 2000) ("When defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the

13

AO 72A
(Rev.8/82)

Constitution and viewed as equally effective the plaintiff is barred from bringing a Bivens action. We think that § 233(a) is just such an alternative remedy.") (citation omitted).

Plaintiff's exclusive remedy for all claims arising from the conduct of GMHS and Mercer is pursuant to the FTCA. Plaintiff has failed to exhaust the administrative remedies provided by the FTCA. Therefore, Defendant's Motion to Dismiss all Claims arising from Acts or Omissions of Gail Mercer and GMHS [65] is **GRANTED**.

## IV. Plaintiff's Motion to File Second Amended Complaint [110]

Plaintiff has sought leave of the Court to amend its Complaint to add additional individual defendants. Plaintiffs assert that discovery has revealed additional individuals who were aware of Mr. Armsden's symptoms, but who refused to take action to provide him with medical treatment necessary to saving his life. ("Pl.'s Motion to File Second Amended Complaint, Dkt. No. [110] at 4). The Supreme Court has noted that FED. R. CIV. P. 15(a):

> declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test

his claim on the merits. In the absence of any apparent
or declared reason . . . the leave sought should, as the
rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

To the extent that Plaintiff seeks to amend its Complaint to add the Defendants set forth in its Motion [110], the Motion is **GRANTED**. To the extent that Plaintiff seeks to amend its Complaint to allege new or additional causes of action against GMHS or Mercer it is **DENIED**.

## Conclusion

For the aforementioned reasons, United States of America's Notice of Substitution [63] and its Motion to Dismiss [65] are **GRANTED**, Plaintiff's Motion to Lift Emergency Stay and Permit Discovery [71] is **DENIED**, Plaintiff's Motion for Leave to File Amended Complaint [72] and Plaintiff's Motion for Leave to File Second Amended Complaint [108] are **DENIED AS MOOT**, and Plaintiff's Amended Motion for Leave to File Second Amended Complaint [110] is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED**, this  29th  day of March, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)